**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WALTER PAYTON,**

       **Plaintiff,**

  **v.**           **CASE NO. 17-3049-SAC-DJW**

**STATE OF KANSAS,**

       **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil action filed by a prisoner in state custody. Plaintiff names as defendants the State of Kansas, the 18th Judicial District Court, the Chief Judge of that district, and the Chief District Attorney.

The complaint alleges that the state district judge refused to compel DNA testing, which plaintiff sought under K.S.A. 21-2512.[1] As relief, plaintiff asks this court to set aside the judgment, discharge him from his present custody, resentence him, grant a new trial, and grant immediate relief (Doc. #1, p. 5).

The matter was referred to U.S. Magistrate Judge Waxse for initial screening under 28 U.S.C. § 636. Judge Waxse entered an order liberally construing this matter as a petition for habeas corpus because plaintiff seeks relief from his conviction and custody. Because plaintiff has sought relief in earlier applications for habeas corpus, Judge Waxse's order directed plaintiff to show cause why this

---

[1] K.S.A. 21-2512 *Forensic DNA testing; limits thereof* allows persons in state custody after conviction for murder or rape to petition the trial court for forensic DNA testing of material in the actual or constructive possession of the state that was not earlier tested or that can be more accurately tested with new techniques. Under K.S.A. 21-2512(c), the trial court shall order the testing "upon a determination that testing may produce noncumulative exculpatory evidence relevant to the claim of the petitioner that the petitioner was wrongfully convicted or sentenced."

matter should not be dismissed due to his failure to seek prior authorization from the U.S. Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(governing second or successive petitions and requiring prior authorization from the appropriate federal court of appeals).

Plaintiff has filed a timely response (Doc. #5). He argues that his action should proceed under § 1983, and he now appears to allege a violation of equal protection. Plaintiff's bare allegation of equal protection appears to rest on the denial of DNA testing in his criminal case, while that testing has been allowed in other, unrelated cases.

The Court rejects plaintiff's claim. It is settled that the federal courts have no supervisory jurisdiction over state courts and do not direct the courts or their officers in the performance of their duties. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986).

While he may appeal, and has appealed, an unfavorable decision in the trial court to the Kansas appellate courts, plaintiff may not challenge the decision of a state judge in an action under Section 1983. Judicial immunity shields a judge not only from damages in a civil action also from the suit itself. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are only two exceptions to this rule; first, there is no judicial immunity "for actions not taken in the judge's judicial capacity", and second, there is no immunity for judicial actions taken "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Neither exception applies here.

Regarding the construction of this matter as an unauthorized, successive application for habeas corpus, the court notes that plaintiff has sought relief concerning DNA testing in the state courts

on multiple occasions.

The Kansas Court of Appeals has summarized his efforts as follows:

> The … issue regarding retesting of his DNA was raised by Payton in pro se motions he filed during 2006 in 97 CR 12038 and 97 CR 1537. The district court denied the motions, and the files and records of our court show that Payton appealed the adverse decisions in *State v. Payton*, case No. 96,637. Payton moved for summary disposition pursuant to Supreme Court Rule 7.041 (2008 Kan. Ct. R. Annot. 55), and the State filed a response. Our court summarily affirmed on November 9, 2006: "Where there is no possibility that DNA testing could assist in exculpating the defendant, no additional DNA testing is required by K.S.A. 2005 Supp. 21-2512(c). [Citation omitted.]" Payton's petition for review by the Kansas Supreme Court was denied on February 14, 2007.
>
> This … issue … has been fully litigated. Accordingly, we decline to reconsider it.
>
> *State v. Payton*, 198 P.3d 212 (Table), *1 (Kan. Ct. App. Jan. 9, 2009).

Judge Waxse's order notes that plaintiff has filed at least three earlier federal petitions for habeas corpus relief, and this court agrees that it is reasonable to dismiss this matter without prejudice. Plaintiff has been made aware of the need for prior authorization to file a successive application for habeas corpus and, until he obtains that authorization, this court lacks jurisdiction to consider his claims concerning his custody in a habeas corpus action.

## Conclusion

For the reasons set forth, the court concludes this matter must be dismissed. Plaintiff's challenge to the state district court's denial of DNA testing does not state a claim for relief under Section 1983, and he has not obtained prior authorization to proceed in a

successive federal habeas corpus action.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice to petitioner's pursuit of habeas corpus relief upon prior authorization to proceed in a successive application.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. #2) is granted.[2]

IT IS FURTHER ORDERED plaintiff's motion for relief (Doc. #3) is denied.

**IT IS SO ORDERED.**

DATED:  This 21st day of April, 2017, at Topeka, Kansas.

>    S/ Sam A. Crow
>    SAM A. CROW
>    U.S. Senior District Judge

---

[2] The court adopts Magistrate Judge Waxse's construction of this matter as a successive application for habeas corpus and therefore does not order collection action.